IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Benito Garcia, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:17-cv-248 |
| Green Day Professional Landscaping, Inc, and Jose Jara | ) ) ) ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Benito Garcia ("Benito") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Collective Action Complaint against Defendants Green Day Professional Landscaping Inc, and Jose Jara d/b/a Green Day Pro Landscaping ("Green Day") and states as follows:

### Nature of the Action

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") Plaintiff also brings individual claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*. Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their lawfully earned and living wages. Plaintiff brings this FLSA claim pursuant to 29 U.S.C. § 216(b).

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendants.

3. Venue is proper in this District as all events arising out of this case arose in this Judicial district.

## Parties

4. Plaintiff Garcia is a citizen of Illinois and is a former employee of Defendants. His duties included general landscaping labor.

5. Defendant Green Day Professional Landscaping Inc. is a dissolved Illinois corporation. Upon information and belief Green Day Pro Landscaping Inc. has continued operations as Green Day Pro Landscaping in Illinois.

6. Defendant Jose Jara is and individual who is the owner of Green Day Pro Landscaping and oversaw and instituted the illegal pay practice alleged herein.

## Factual Allegations

7. Benito worked began his employment in 2012 and he left in 2016.

8. Defendants paid Benito in cash $10 per hour in 2014, $12 per hour in 2015, and $15.00 per hour in 2016 for all hours worked in the week, including hours worked over 40.

9. Benito was not paid time and one half for those hours worked over 40 in a work-week as the Department of Labor and the law require.

10. Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

11. Benito typically worked 60 hours per week.

12. Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages.

13. The named Plaintiff was not exempt from the overtime provisions of the FLSA.

14. Defendants managed Plaintiff's work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of Defendant Green Day.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other non-exempt employees who worked overtime and was not fully compensated. ("FLSA Class")

16. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week.

17. At all times material to this Complaint, Defendants failed to comply with the FLSA in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by Defendants to pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

18. Plaintiff and asserted members of the collective are similarly situated because, *inter alia,* they were all were not paid the required overtime rate but were entitled under the FLSA to the paid overtime rate of one and one-half times their normal rate of pay for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendants' unlawful practices and policies.

19. Defendants have encouraged, permitted, and required the Class to work without required overtime compensation of one and one-half times the normal wages.

20. Defendants have known that Plaintiff and other members of the FLSA Class have been deprived of required overtime compensation. Nonetheless, Defendants have operated under

a scheme to deny the Plaintiffs and the Class required compensation of one and one-half time normal wages for work in excess of 40 hours of the FLSA Class.

21. Defendants conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA class.

22. The records, if any, should be in the custody or control of the Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

23. Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective.

## COUNT I- FAIR LABOR STANDARDS ACT
### (Plaintiff Individually and on Behalf of All Similarly Situated Employees Pursuant to 29 U.S.C. §216)

24. The Plaintiff re-alleges and incorporates paragraphs 1 through 23, as if fully set forth herein.

25. At all relevant times, Defendant employed and/or continued to employ Plaintiff and each member of the proposed class of hourly employees within the meaning of the FLSA.

26. Defendants have a policy and practice of not paying the proper overtime rate.

27. Under the FLSA, Plaintiff and the Class (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week.

28. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

29. Defendants failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA

30. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

**32.** Due to Defendants violations of the FLSA, Plaintiff alleges on behalf of the members of the proposed class that they have suffered damages and are entitled to recover damages from Defendants.

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

a) Unpaid Compensation and Overtime;

b) An additional amount equal as liquidated damages;

c) Prejudgment interest; and

d) Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

e)

### COUNT II - ILLINOIS MINIMUM WAGE LAW– OVERTIME
### (Plaintiff's Individual Claim)

33. Plaintiff hereby alleges and incorporates Paragraph 1 through 32 of this Complaint, as is fully set forth herein.

34. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

35. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

36. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

37. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

38. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff prays for the following relief:

a) A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff;

b) A declaratory judgment that Defendants' violations of the IMWL were willful;

c) A judgment to Plaintiff in the amount of unpaid wages;

d) A judgment to Plaintiff of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

e) A judgment to Plaintiff of reasonable attorney's fees and costs incurred in filing this action; and

f) Such other and further relief as this Court deems appropriate and just.

### DEMAND FOR JURY TRIAL

Dated January 11, 2017              Respectfully Submitted,

_____/s/ John Kunze_____
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
(630) 355-7590